ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
L-3 Communications Integrated Systems, L.P. ) ASBCA Nos. 60431, 60432
)
Under Contract No. FA8620-06-G-4003 *et al.* )

APPEARANCES FOR THE APPELLANT: Karen L. Manos, Esq.
Erin N. Rankin, Esq.
Gibson, Dunn & Crutcher LLP
Washington, DC

APPEARANCES FOR THE GOVERNMENT: E. Michael Chiaparas, Esq.
DCMA Chief Trial Attorney
Cara A. Wulf, Esq.
Trial Attorney
Defense Contract Management Agency
Boston, MA

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
ON THE GOVERNMENT'S MOTION TO DISMISS

Appellant, L-3 Communications Integrated Systems, L.P. (L-3), appeals from two contracting officer's final decisions demanding payment to the government. Those two decisions have been rescinded, and the government requests dismissal of the appeals for lack of jurisdiction with prejudice, or as moot. L-3 opposes. We dismiss the appeals as moot.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 3 November 2015, two administrative contracting officers (ACOs) of the Defense Contract Management Agency (DCMA) each issued a contracting officer's final decision, pursuant to several contracts between the government and L-3, demanding payment of what the contracting officers found were unallowable costs paid to L-3 through interim billings, and relying upon a 2015 Defense Contract Audit Agency audit report of L-3's costs for fiscal year 2008 (notice of appeal, attachs. 1, 2). One decision demanded that L-3 pay the government $266,274; the other demanded payment of $31,952 (*id.*). L-3 timely appealed from the decisions, asserting that the government's claims were barred by the six-year statute of limitations in the Contract Disputes Act (notice of appeal). On 1 March 2016, two ACOs (one of whom issued one of the final decisions) each issued a letter to L-3 stating that she "hereby withdraw[s]" one of the 3 November 2015 final

decisions (app. resp., exs. 1, 2). The letters do not state whether the government intends to reassert the claims set forth in the 3 November 2015 decisions (*id.*).

## DECISION

Where a contracting officer unequivocally rescinds a government claim and the final decision asserting that claim, with no evidence that the action was taken in bad faith, there is no longer any claim before the Board to adjudicate, and the appeal from the contracting officer's decision is dismissed as moot. *Combat Support Associates*, ASBCA Nos. 58945, 58946, 16-1 BCA ¶ 36,288 at 176,973.

Here, the final decisions asserting the government's claims that are the subject of these appeals were rescinded without any equivocation, but the ACOs who rescinded those final decisions have not expressly stated whether the claims set forth in those decisions would ever be reasserted. However, because contracting officials are presumed to act in good faith, *D.J. Miller & Associates, Inc.*, ASBCA No. 55357, 11-2 BCA ¶ 34,856 at 171,469, we presume that the rescissions of the final decisions reflect the intent not to reassert the claims set forth in the rescinded decisions. L-3 points to no evidence to the contrary. Because the contracting officers' final decisions that are the subject of these appeals have been unequivocally rescinded, there is nothing left of the merits of the appeals for us to adjudicate, and the appeals are moot.

L-3 asserts that the government has refused its requests to enter into a settlement agreement releasing L-3 from the rescinded claims, or to issue letters stating that the government does not intend to reissue the contracting officers' decisions or otherwise disallow the costs disallowed in those decisions (app. br. at 2), and implies (*id.* at 2-3) that, therefore, our decision in *Combat Support*, compels the denial of the government's motion to dismiss, because there, the government had stated its intent not to reassert rescinded claims very similar to those rescinded here. 16-1 BCA ¶ 36,288 at 176,973. In view of the presumption, unrebutted here, that contracting officials act in good faith, we see no reason to doubt that the rescission of the claims against L-3 is unequivocal, and that they will not be reasserted. Consequently, *Combat Support* is not meaningfully distinct from the situation here, and does not require the denial of the government's motion to dismiss. Although dismissal of the appeals as moot is without prejudice, *id.*, we trust that the rescinded claims will not be reasserted.

2

## CONCLUSION

For these reasons, the appeals are dismissed as moot.

Dated: 25 April 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 60431, 60432, Appeals of L-3 Communications Integrated Systems, L.P., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3